NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Hon. Faith S. Hochberg |
| | Civil No. 05-4132 (FSH) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| FREDERICK S. SCHIFF and RICHARD J. LANE, | Date: September 18, 2006 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon the Appeal of Defendants Frederick S. Schiff and Richard J. Lane (collectively "the Defendants") of Magistrate Judge Falk's January 27, 2006 Order granting the United States Attorney's Motion for a stay of discovery pending the outcome of its parallel criminal prosecution of the Defendants. The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. P. 78.

**I.     Background.**

On June 14, 2005, a grand jury in this District indicted Defendants for conspiracy and securities fraud. That indictment has since been dismissed; a new indictment was entered on May 25, 2006. Plaintiff, the Securities and Exchange Commission ("SEC"), brought the present action on August 22, 2005. The Complaint is based on similar allegations of securities fraud.

On October 31, 2005, the United States Attorney ("USAO") moved (1) to intervene in this civil action and (2) for a stay of discovery. Plaintiff did not oppose the USAO's motion. Magistrate Judge Falk granted the USAO's motion to intervene, as well as its motion for a stay of all discovery, except document discovery between the parties, for the duration of the criminal case. This appeal followed.[1]

## II.     Standard of Review.

A magistrate's adjudication of a non-dispositive motion will be set aside only if the order is found to be clearly erroneous or contrary to law. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1111, 1113 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987) (citing 28 U.S.C. § 636 (b)(1)(A)); see also Fed. R.Civ.P.72(a); L.Civ.R. 72(1)(c). This Court will determine that a finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

The party filing the appeal has the burden of demonstrating that the magistrate's decision was clearly erroneous or contrary to law, Exxon Corp. v. Halcon Shipping Co., 156 F.R.D. 589, 591 (D.N.J. 1994), and unless that burden is met, the magistrate judge's findings should not be rejected even if the district court could have decided the matter differently. Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994).

---

[1] At a status conference held on June 2, 2006, the Court deferred its ruling on Defendants' Appeal of the January 27, 2006 Order in order to give the parties additional time to reach an agreement. The parties subsequently informed the Court that they had been unable to do so.

**III.   Analysis.**

Defendants argue that the January 27, 2006 Order should be set aside because (1) "it is based on inapplicable law;" (2) the Government has failed to make "the particularized showing of harm required to justify a stay;" and (3) the scope of the stay is overbroad.

In his oral decision, Magistrate Judge Falk carefully considered and discussed each of the six factors set forth in Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F. Supp. 2d 523 (D.N.J. 1998). The factors a court must consider in determining whether to grant a stay of a civil case pending the resolution of a related criminal case include: "1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest." Id. at 526-27 (citing Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1138 (S.D.N.Y.1995)).

In granting the USAO's motion to stay, Judge Falk determined that the first Walsh factor weighs heavily in favor of granting the stay because the civil and the criminal cases are based on similar allegations of securities fraud. Id. (holding that similarity of issues is "the most important issue at the threshold in determining whether or not to grant a stay.") (internal quotation marks and citations omitted). Judge Falk also analyzed the USAO's request for a stay in light of the second Walsh factor, and found that the potential for self-incrimination was greater, where, as here, the defendants had already been indicted. Id. (stating that "[t]he strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned.").

Judge Falk evaluated and balanced the private interests of the parties, and determined that the stay would not prejudice Defendants because (a) under the terms of the stay, Defendants would still be able to pursue some document discovery and (b) the potential harm to the Defendants is reduced due to the promise of a fairly quick resolution under the Speedy Trial Act.  Finally, Magistrate Judge Falk found that judicial economy would be served by the stay to the extent that the criminal prosecution will clarify, moot and refine some of the issues common to both cases, and that the public interest would not be harmed by a stay.  Id. at 529 (noting that "[t]here is no harm to the public interest in granting a stay of the civil case.").[2]

The Court finds no error in Magistrate Judge Falk's determination that a stay is necessary here to avoid prejudice to the Government's criminal prosecution.[3]  Magistrate Judge Falk specifically identified what potential harm would result in the absence of a stay, and noted, in particular, that the broad discovery rules applicable in the civil case would allow the Defendants to circumvent the more restrictive rules that apply to discovery in criminal cases while asserting their Fifth Amendment privilege to avoid testifying or producing documents in the SEC investigation.  The Magistrate Judge concluded, in light of the interrelatedness of the criminal and civil matters, the status of the case, the public interest, and the balance of hardships, that the

---

[2] Defendants argue, *inter alia*, that Judge Falk's reliance on Walsh was erroneous because in this case, the defendant, rather than the government, requested or otherwise consented to the proposed stay.  However, in Walsh, two defendants objected to the stay.  See Walsh, 7 F. Supp. 2d at 526.  Moreover, as Judge Falk correctly observed, whether or not the defendant consent to the stay is not a determinative factor under Walsh.

[3] Relying on an unpublished opinion from the Northern District of Georgia, Defendants contend that the Government must present a "specific showing of potential harm" that it will suffer if this action is not stayed.  See S.E.C. v. Poirier, No. 1:97-CV-3478-WBH, slip op. at 5 (N.D.Ga. Feb. 13, 1998).  The more stringent standard articulated in Poirier appears to rely on a decision involving a stay of a civil forfeiture proceeding under 21 U.S.C. § 881(i).

Walsh factors weighed in favor of a stay. The Magistrate Judge made no clear error of law nor overlooked any facts or applicable law in granting the Government's request.

**IV.     Conclusion.**

For the reasons stated above, the Court finds that the January 27, 2006's Order was neither clearly erroneous nor contrary to law. Accordingly, **IT IS**, on this 18th day of September, 2006 hereby

**ORDERED** that Defendants' Appeal is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Falk's January 27, 2006 Order is **AFFIRMED**.

/s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**